Good afternoon and may it please the court. I'm sorry your name? I'm sorry I interrupted you. Sonam Henderson for appellant James Ignatius Diamond and aspirationally I plan to reserve three minutes for rebuttal and I'm planning to focus on the district court's errors in admitting the customer complaints but of course I'm happy to answer any questions on the other issues that the court might have. So one of the key pieces of written customer complaints containing by two part of assertions untested by any cross-examination about what Diamond had promised to the writers about how the writers had been evicted or otherwise harmed as a result of Diamond's activities or just showering invective on Mr. Diamond. So for example these complaints included an email asserting that Diamond had promised the writer she would never be evicted. Emails saying that the family was being evicted on Christmas Eve leaving a child homeless. Multiple emails repeating a claim that Diamond had caused 40 people to lose their homes and a denunciation calling Diamond's programs one of the most fraudulent pieces of work to ever hit the south wing. Importantly some of these complaints asserting promises had not been kept came from the alleged victims of specific counts who did not testify. So for instance an email from Roy Wells saying that he and his wife had not gotten what they thought they'd been promised. This is important because as you know from the briefing the government only called two out of I believe nine alleged victims that it identifies in the indictment. So this is a way of piping their voices the voices of these missing witnesses into trial. The district court's admission of these complaints involved at least three errors. One their hearsay. Two even to the extent they could be used for non-hearsay purposes. Failed to instruct the jury about that. And finally they violated rule 403 because they were far more unfairly prejudicial than probably. Jumping into hearsay. The general bar on using out-of-court statements for the truth of the matter asserted is perhaps the most basic rule of evidence. It exists to ensure that evidence is reliable. That in particular that the jurors aren't hearing evidence that's not being tested by cross-examination. Here the customer complaints were out-of-court statements offered for their truth even in as much as the government frames them as being for notice. Well counsel weren't these complaints subject to the limiting instructions given by the judge? I can jump to that your honor. No there was a limiting instruction given that concerned a different set of evidence. So on ER 651, 652 when the when the government is trying to introduce a set of bank rejection letters. Totally separate set of evidence. The district court told the jury the government is submitting these letters for a limited purpose. You know for the limited purpose of showing that the defendant had knowledge of these rejection letters. He's not introducing them for the content of these letters. So the instruction was about the letters about the rejection letters specifically. And it comes before the emails are even introduced. So it's not it's not like it's referencing back to them. And then the court just given the jury and the same jury limiting instruction with respect to the admissions of other exhibits. Those diamond contents would should have accompanied the customer complaints. And because the government specifically referenced that contemporaneously expressed limitation when seeking to introduce the complaints. It likely was not an abuse of discretion it would seem to me. Well no your honor. I mean looking at that you're talking about I believe about the colloquy on ER 658 where Mr. Reedy said your honor at this time I asked that exhibit 601, 605 be admitted for the limited purpose as stated to the court to show knowledge. Yes your honor. Defense counsel briefly interjects your honor. Then I'm sorry notice your honor. And the court says notice okay. So two things. This is a colloquy between the lawyers and the court. None of this is addressed to the jury. So I mean it's a lot to ask that the jury is listening to this and paying attention. The court never turns its head to the jury and says okay this is coming in for a limited purpose as I previously told you. It doesn't make any reference back to the previous instruction. It doesn't address the jury at all. And then as I'm looking at this you know all the court says is notice okay. That that could be from the jury's perspective that could be acknowledging the government's request. It's not even particularly a formal granting of of the government's request. So it's I don't believe that's enough to to inform the jury. I mean certainly the government talking about a limited purpose. The government the government has no power to instruct the jury. The instruction comes from the court. And in fact in the instruction that the court gives the jury it specifically tells them if the court tells you something is being received for a limited purpose it can only be considered for that purpose. The court doesn't tell the jury this can only be considered for a limited purpose. To the extent that message is being passed to the jury at all and and as I said I doubt it. It's coming from the government. The government has no authority to do that. Were you at the trial counsel? I was not. Oh I'm just wondering how it was argued to the jury. In terms of? Well when when the lawyers were making closing arguments. If they said well it's only admitted for this purpose. I think it's actually a very good question your honor. Because if you look at the government's closing argument you can see that they feel in no way bound by this instruction in their use of the customer complaints. This instruction would say that you know it's they're not being introduced but if you applied it to the complaints. And so instead of letters it says he's not introducing them for the contents of these complaints. In other words what may or may not have been inside the complaints. That he says letters but let's say he did. The government in its closing argument highlights the contents of the letters going over the stories of evictions and foreclosures. During defense objection? During closing? Yeah. No your honor I don't believe there was. But I mean again I'd say that's because there was no you know that these all the fact that the government's using it that way and the fact that the defense is not objecting. I think both indicate that nobody understood that that limiting instruction had been applied to this set of complaints. But I mean the court said that the court said it was only admitting it for the limited purpose. No it didn't your honor. I'm sorry to cut you off but on ER 658 it doesn't say okay I'm only admitting this is a limited purpose of notice. All it says is notice okay. That's that's I mean that that is that is not saying I'm only you know I'm only submitting it for that purpose. Can I take you to the sentencing? The government concedes certain error there but says basically you're not going to do any better. And I'm concerned that let's just say we say the error was I think it's your challenge to four-level enhancement right? That that's the one the government that's the one the government concedes. I mean I'd argue that there's there's error across the board there. Well if you go back there were things that you could get more time couldn't you? Sorry? If you go back if we vacate this and you go back your claim could get more time. Potentially I mean there you know. Well you're not supposed to but I don't think when you ask to vacate it because there were things that the government asked for previously that the court really quite didn't get to because it I mean I think those of us that have spent time in the courtroom sentencing either as a lawyer or as a judge know that there's sort of a sense of well I think it deserves about this amount of time and there's a little bit of that's so it's probably likely it's going to be the same sentence if that's what the judge thought your client should be. And but on the other hand sometimes you can't get to the same sentence if you if you can't use a certain one and there are other ones out there that I'm looking at could your claim could get more. I just I I just noticed that. I disagree with the government's argument about about more. I whatever it would be a substantial number of vulnerable victims. They really didn't prove up the circumstances of almost any of his clients. The only clients that we have information about they're they're you know non-hearsay information about their personal circumstances are the four who testified. Of those two of them were were financially stable. I think Baldwin was on said that he was financially stable not behind on anything he just took a flyer on this to try to get a windfall. Only two of them Garza and Glaviano seemed to be in financial distress. So the government didn't put two people in financial distress. It didn't it didn't you know do a do a wide survey or at least not that it introduced of the circumstance. Well if we vacate it they can do whatever they want can't they? They could do whatever they want and we you know could also make our you know make our arguments and right get a better hearing from from the court in terms of you know our arguments about um Mr. you know Mr. Diamond's age and the fact that he had such a long law-abiding life before becoming an adherent to these conspiracy theories which I certainly think contributed. I know you know the government argues that that's somehow inconsistent with the uh with the verdict but you know it's clearly not. You could you could truly believe in these these uh methods but oversell them and and you know commit fraud that way. So I think there's you know there's certainly room for these arguments that the court there's no indication that the court uh paid any attention to that it made no didn't make the specific rulings that were required um it didn't you know it didn't demand evidence from the government where that was required and it certainly didn't explain. Well I think I think you argue for your client that the district court's explanation of the sentence was inadequate but what is the specific argument or factor that you think the judge was required to but did not address? He didn't address anything wrong. He I mean he's you know we we come in we make arguments based on the 3553a factors again. I think focused on his age and the fact that he had been a law citizen for many many years before becoming an adherent to this sovereign citizen philosophy and and I think there's a you know a complex interesting question that deserved explanation there of you know if you're somebody who's well it wasn't verbose I would agree with you on that. He certainly he's not verbose and there's stuff in there and if you look at like uh case you know you don't need a lot of explanation because the court's been clear about that but you need something and there there really is just nothing here. He doesn't you know in shorthand and in any form explain what he's doing. You want to reserve your time? I'm saying that I'm at three so yes. Let me just ask if any of my colleagues would want to ask any questions here. No question. So why don't you reserve your three minutes. Thank you. We'll give you three because we talked a little bit to get you down to 258. Okay thanks. All right let's hear from the government then. Good afternoon your honors and may it please the court Kevin Reedy on behalf of the United States. Um with regard to the complaints your honor I think that the record a fair reading of the record shows the complaints were not admitted for their truth but they were rather admitted to show defendants notice to the defendant and the complaint's effect on the reader. The government requested and received a mid-trial limited purpose instruction that rejection letters and complaints were not introduced for the truth of their contents and those two requests were made at excerpts of records 651 to 653 and excerpts of records 658. And then again in closing the government reiterated that the complaints were admitted to show that the defendant was on notice that his methods did not work. So I don't think I think that there is an explicit mention explicit time of the complaint letter to the prior notice instruction during the trial counsel. Yes your honor. So what did the defense when they talked about the complaints what did they say do you remember? Your honor the um and I think we made this argument in our brief the defense essentially accepted the core truth of the letters which was that um the the people had complained to the defendant that he had lost their that they had lost their homes and I think the argument that the defense made in closing was essentially that um the defendant was not the cause of the um of his customers loss of their homes rather it was the uh the great recession and also they chalked up the lack of response to the complaints to poor customer service rather than the defendant's awareness that um that uh that he had uh engaged in a fraud um was the reason why he was avoiding his victims. So I think that those were the the arguments that the defense made at least in their closing with regard to that issue. Okay. And also I just would I think the court has already pointed out the defendant did not make an at the time that the complaints were admitted um a second time because it was not necessary to do so um the government asked the district court to admit the complaints uh on the same basis as the rejection letters only a few moments after the court admitted the rejection letters on a limited basis and admonished the jury as to how the jury was to consider evidence that were admitted on those bases. I think that the defense counsel's discussion of the um of the back and forth between the government counsel and the judge sort of lose sight to lose the sight of the fact of the temporal proximity between the request for an eliminating instruction on the um rejection letters and the request related to the complaints. In your honors, I do just want to make the point that the the admission of the complaints I don't think it was unduly prejudicial. They provide an important context to the jury to evaluate the defendant's behavior and his intent to defraud and also the substance of the complaints were relevant to the type of the notice that the defendant received regarding the potential issues with his methods and their consequences to the people he claimed that he was trying to help. Also I also want to say that the this evidence was not cumulative. The email address there was evidence at trial that the email address that received the complaints was used exclusively by the defendants and I think that testimony is at excerpt of record 446. And so the complaints provided an important corroboration for the primary cooperating witness, the defendant's office manager, Tricia Gruber, and also provided the jury with a basis that was independent of you know the often sometimes problematic baggage that accompanies a cooperating witness. It provided the jury with a basis other than that cooperating witness to to find that the defendant wasn't noticed that there were significant problems or potential significant problems with the scam. So go to the sentencing. You concede error but when I look at your brief you seem to argue that we should affirm the district court's imposition of the four level enhancement for causing substantial hardship to five or more victims on the ground that the district court would likely impose a six level enhancement on remand. But the district court previously rejected this argument so why is it inevitable that the judge would change his mind on remand? Your honor I think that there's two potential bases for the for our argument that essentially if the court should not err with regard to the substantial hardship enhancements under the plain error standard because essentially the the guidelines range even with the government believes that it was calculated correctly. The first I think we should say is that the I think that the application of the substantial hardship to five or more victims who suffered substantial hardship enhancement was supported by the trial evidence. Testimony from the victim Juana Garza as well as Pauline who testified about her victimization as well as that of her husband Frank Glaviano and also there was testimony from the defendant's office manager Tricia Gruber that multiple victims had complained to the defendant about losing their homes and in that way and under those facts this case is very similar to the court's opinion in the George case in which this court affirmed a substantial hardship and even higher enhancements to with regard to substantial hardship to 25 or more victims based on evidence of multiple distressed homeowners who paid fees of between 1,000 to 3,000 dollars and who later lost their homes after participating in a fraud. Here the evidence at trial showed that the defendant collected between 2,500 to 3,500 dollars from each victim and that's at excerpt of record 372 and also the evidence at trial specifically the testimony from the victims as well as the testimony from the defendant's co-defendant show that many of these victims later lost their homes and I think that that testimony alone would be enough to find that the substantial hardship to five or more victims was appropriately applied in this case and your honor with respect to the the other bases that the government argued in the alternative below I understand that the courts did not accept those enhancements however I think it's a unique situation because the court could not apply both of those enhancements. I don't think it's fair to characterize a record that the district court ruled that the potential that the 10 or more victims and large number of vulnerable victim enhancements I don't think the court ruled that the facts did not support those enhancements I think the court rather applied the substantial the five or more victims with substantial financial hardship enhancements and because he did that the guidelines prohibited him from applying the the other enhancements that the government sought however I think that the record does does support application of those enhancements and if that were the case and if the loss amounts free and the same which the government also contends would be the case and the if you get more time if he goes back I I would I would say that um that it would be a good possibility um that he would receive more time I think that the the evidence does support additional enhancements and I think that the government would be within its rights to argue for that your honors unless the court has any further questions about any issues I'm happy to answer them however otherwise we'll just submit on our brief does not appear that judge Owens or a Scanlon have any additional questions so thank you thank you okay all right Mr. Henderson thank you your honor a couple of points one we in terms in terms of sentencing I mean that the district court in addition to the the the enhancement for vulnerable victims the district court didn't make a ruling on the loss amount and and the loss amount I mean there's some real reasons to question that one uh there was no evidence put in uh at sentencing the government points back to evidence at trial but the number at trial for loss was quite different from the number at sentencing at trial it says 1.8 million at sentencing it says 1.4 million I understand that's better for us but it also draws into question their whole loss calculation you know methodology and logic if they're dropping you know three hundred and fifty thousand dollars with no particular explanation it's not clear where that came from and and when you look at the actual testimony in court if it's just an agent saying look I assigned you know I assigned these payments as being from customers based on some criteria that it is I think entirely possible that had the court you know address that you know specifically instead of just this loose while I adopt the PSR generally um so if it had done what it was required to do under under rule 32 I think we would have uh we may have gotten a different result on council if we were to remand um are you willing to run the risk that uh you may get more time um I I mean I I do think the court made errors at at at sentencing and that um that you know that I I would I would like to see a sentencing hearing that was conducted properly with under the under the procedures that are that are laid out under the statute I think we would be better or at least not worse and um I do want to jump back to hearsay for a minute this really the notice that their government is talking about here really just isn't a non-truth purpose even here they're talking about the substance of the letters being relevant I mean the substance of the letters you know if if it needs if it needs the guard the jurors to treat as true that people were really being evicted on Christmas Eve people really losing their homes people diamond had promised really promised people they'd never be foreclosed because if those factual assertions aren't true it's not clear what the notice is you know what what are they being what is he on notice of unless those factual assertions are true and I would just point that the cases that that the government points to about notice in those cases the the underlying facts are being proven through other means where the notice is true that the underlying facts are being proven by other means and I I'd point you to say Phillips which is the the land fraud case where the government um uh puts in 10 complaint letters uh to show notice that that the the sellers had gotten these complaints but also put on 25 live witnesses to to testify to the same issues about uh the ads being mislead so and we don't have anything like that here they're not proving it up through other means I see I'm over thank you all right thank you for your arguments this matter will stand submitted
judges: O'scannlain, Callahan, Owens